Mr. Justice Merrick
delivered the opinion of the court.
The case of Keyser vs. Hitz comes before us upon exceptions to the report of the auditor in the distribution of the funds which had been received by Keyser, one of the parties to the suit, under an order of the court appointing a receiver during the progress of the litigation. The property in question was. covered by a deed of trust, and amongst the divers claims which were presented against the property was the claim of W. P. Jenks, who was secured by a deed of trust upon the property, and after the litigation had progressed some time he was authorized by the court to sell the property at private sale under the deed of trust.
The contest here now is upon the distribution of the rents and profits which remained in the hands of-the receiver, as between him on the one part, Mrs. Hitz, the claimant of the property, on the other part, and Keyser himself as receiver for the benefit of the bank, he claiming that he held certain judgments on the part of the bank against Hitz, to the liquidation of which he was authorized to appropriate the .proceeds of the rents and profits by a convention between him and Hitz himself.
A careful examination of the authorities shows conclusively, the authorities all concurring in this, that where there has been a mortgage or deed of trust upon property, until some action is taken on behalf of the trustee and cestui que trust or the mortgagee to obtain possession of the property, or to .assert their right to the possession, the *182 rents and profits belong to tbe mortgagor, and if they are permitted to pass into the hands of the mortgagor they Cannot b’e recovered back by the mortgagee, even though there be a deficiency in the amount of the proceeds of sale.
For the purposes of a case of that sort a deed of trust and a mortgage stand precisely upon the same footing as it will be found by reference to a case in 48th Mississippi, which I do not happen to have before me at this moment so as to be able to refer it. In the delivery of that opinion the court shows that a deed of trust is, to all intents and purposes, just like a mortgage, with this difference: That the mortgagee, by the terms of the mortgage, is himself entitled to enter upon the property and take possession, but that the trustee, being only authorized to seize and sell, is not empowered to take possession, of himself, of the property so as to dedicate the rents and profits to the gratification of the lien, when there is a deficiency of the property, whenever it was to gratify the lien, either of the deed of trust or of.the mortgage, as the case may be. Either the mortgagee or the trustee and cestui que trust, where the predicament is suitable to such an occasion, can have the benefit of the arm of a court of equity to take possession, through its receiver, of the rents and profits; and when thus taken possession of, and the property pledged is sold, the rents and profits, as well as the corpus of the fund, go to satisfy the claim of the creditor.
In this particular case it seems that early in this litigation there was a receivership of the property appointed by this court as far back as the year 1880 or thereabouts, Keyser became receiver, then somebody else became receiver, and then Keyser was substituted by an agreement between themselves and by the action of the court, in place of the other receiver, so that he was practically the receiver of the property for the whole term of the receivership.
As I say, it appears by all the authorities that wherever the mortgagee takes possession'himself, from that time forth he is entitled to the rents and profits to be added to the proceeds of sale if it be necessary to gratify the claim. And where there is a deed of trust or mortgage, and the mort-. *183 gagee, instead of taking possession himself, invokes the aid of a court of chancery for the purpose of having a receiver appointed, in that case also, whether there be a deed of trust or a mortgage, the proceeds of the rents and profits are consecrated by the court of chancery to the satisfaction of the debt in aid of the proceeds of sale. For, from the very moment of forfeiture, a mortgagor or grantor, in a deed of trust, certainly has no equitable claim to the fund. He has dedicated the pi’operty to the payment of the debt, and along with the dedication of the property, goes, as a matter of course, after default, properly and rightfully the dedication of the rents and profits. Why the cevtui que trust or mortgagee cannot recover back rents and profits when received by the mortgagee is manifest. It is in perfect analogy to the common principle that where a party has volirntarily allowed his fund to pass into the hands of another party he cannot invoke the aid of a court to get it back.
All this is thoroughly maintained and supported by the Supreme Court of the United States itself in the very case which is relied upon by the counsel who was contending against the claim to the rents and profits on behalf of the parties secured by the deed of trust in this case — the case of Kountze vs. The Omaha Hotel Company, reported in 107th U. S. R., 378. There the opinion of the majority of the court was delivered by Mr. Justice- Bradley, and he carries to the very extreme of the law the doctrine that the mortgagee out of possession is not entitled to the rents and profits. And I find, by pursuing the authorities, that he carries it there in deference to the opinions of the courts of his own State of New Jersey, which carry the doctrine further than the courts of any other State in this Union. Through that influence the Supreme Court of the United States was led to carry the doctrine to its extremity, for they held that the mortgagee was not entitled to the rents and profits which accrued pending a foreclosure suit on his part, and although the decree of foreclosure had been granted to him in the court below and there had been an appeal, still he was not entitled to the rents and profits after that. *184 Why? Mr. Justice Bradley justifies the doctrine Upon this ground, because, he says, that he might have applied for a receivership, and if there had been a receiver appointed, then the rents and profits collected by the receiver would, in his hands, have gone to make up the deficiency of the corpus of the mortgaged property in satisfaction of the mortgage debt for which it was placed. I read from page 898 of the opinion referred to as follows:
“ The plaintiff in this case was not entitled to the possession nor to the rents or profits; the foreclosure suit did not seek possession, but sought a sale of the specific thing — the land. On such a case until the litigation is ended, it does not appear that there must be a sale, or even that the plaintiff is entitled to a sale.”
Then he goes on and at page 395 he says:'
“ There is another consideration which relieves the conclusion we have reached from any supposed hardship or injustice to mortgagees. Courts of equity always have the power when the debtor is insolvent, and the mortgaged property is an insufficient security for the debt, and this is good cause to believe that it will be wasted or deteriorated in the hands of the mortgagor, as by cutting timber, suffering dilapidation, &c., &c., to take charge of the property by means of a receiver, and preserve not only the corpus, but the rents and profits for the satisfaction of the debt. Where justice requires this course to be pursued, and it is resorted to by the mortgagee, it will give him ample protection.”
That same doctrine is laid down in Jones on Mortgages and in High on Beceivers, throughout, and it is the concurrent testimony of all the courts of the United States, without any contradiction or qualification, that wherever, in a particular case, a receivership has been appointed, and the corpus fails to gratify the lien of the mortgage or the deed of trust, it will be supplemented by the rents and profits which have been collected by the receiver upon proper application- to the court.
That being the principle, it disposes conclusively of this *185 case, and the decree of the court, therefore, will be that the case be remanded to the auditor for the purpose of allowing to the holder of the deed of trust, Jenks, all the rents and profits which were received after the receiver was appointed by this court (all the rents and profits- which were received from any other source will be allowed to be paid over to Keyser under his claim as made in this case), but all that were received by him, under the authority of the court after the receivership was established by the court, will be dedicated, first, to the payment of the arrears of taxes, as stated by the auditor, both the past taxes, the current taxes and the taxes in arrears, and whatever is left after paying those taxes will go' to the payment of the balance of the debt secured by the deed of trust.
The case then will be referred back to the auditor with instructions, which the counsel will draw up, overruling all the objections made on the part of Mrs. Hitz, overruling her objections to the auditor’s report, denying that she has any claim under the circumstances, overruling the objections of Keyser in so far as they claim any part of the rents and profits which were received under the receivership of this court, and sustaining the objections made on the part of Jenks, the holder of the deed of trust.